Dickson vs. Dickson.

No. 54.

MATTIE L. DICKSON VS. HANNAH P. DICKSON. PALMER DICKSON, INTERVENOR.

It was contended in this case that the mortgage granted by the Defendant on her right, title and interest in certain property, was null and void, because she was a widow in community and the property an asset of an unliquidated community, in which she had only a residuary interest, which was not mortgageable. *Held* by the Court, without in any manner deciding whether such an interest is or not mortgageable, that, in the premises, the mortgagor appeared in the act of mortgage as any ordinary individual, not as widow in community; that she mortgaged such interest in the property as she might have, not her interest as widow in community, and that, therefore, the objection to the validity of the mortgage is not tenable.

APPEAL from the Second Judicial District Court, parish of Bossier. *Drew, J.*

*J. D. Watkins* for Plaintiff and Appellant:

First—Defendant could, as she did, mortgage all her right and title in community lands, where her deceased husband owed no debts. R. C. C. 3289 ; 30 An. 93; 24 An. 264 ; 26 An. 260; 12 An. 864.

Second—Intervenor has no interest to attack the mortgage, where he fails to prove the mortgagee unable to pay his debt. C. P. 15; 1 R. 470; 5 R. 253; 5 An. 263.

Third—He cannot be heard to say the mortgage is null, because mortgagor did not own the lands, and then to say the same lands were given in pledge by antichresis to plaintiff, and novated the mortgage. R. C. C. 3142 and 3144.

Fourth—Plaintiff could hold a mortgage and antichresis on the same thing. R. C. C. 3181, and 12 An. 364 ; 14 An. 663.

*Richard W. Turner* and *J. Henry Shepherd* for Defendant and Appellee.

*Lowry & Vance* for Intervenor and Appellee:

A widow's interest in community is residuary only, and cannot be hypothecated, or alienated, to the prejudice of creditors of the community, who are preferred to individual creditors. 17 L. 247 ; 7 R. 404; 2 An. 30; 22 An. 513; 32 An. 968; C. C. 2403.

A widow in community administering the succession of her deceased husband cannot specially mortgage and hypothecate any specific part of the community property. 31 An. 493 ; 32 An. 162 and 968; 33 An. 585.

The mortgage—collateral security—surrendered, or novated, by antichresis.

Antichresis terminates when the right of usufruct ceases. C. C. 2730.

The opinion of the Court was delivered by

FENNER, J.   Plaintiff sues the defendant on her promissory note for $10,000, and interest, subject to certain admitted credits. She alleges that the said note is secured by a mortgage granted by defendant, in her favor, upon all the defendant's " right, title and interest in and to the following described property, situated in the parish of Caddo, viz. : A certain plantation, fully described in the act, known as Rush Point plantation, together with all the buildings and improvements thereon." She

prays for judgment for the amount due, and "that the said mortgage be recognized and enforced, and the lands sold to pay such debt and interest and costs."

The defendant, for answer, admits the execution of the note and mortgage sued on, but alleges that, thereafter, she leased to the plaintiff one half of the Rush Point plantation, to be occupied and used by the plaintiff, the net proceeds of the crops raised thereon to be appropriated to the payment of the note aforesaid until satisfied; that plaintiff took possession under said lease and still holds possession thereof, and had never rendered an account of revenues, and has not offered to return the same; that the use of said property was worth $3000 per annum, for which amount, for the several years of plaintiff's occupancy, she prays for judgment in reconvention.

The intervenor and third opponent, Palmer Dickson, alleges or contends, in substance, that he is one of the heirs of Michael Dickson, the deceased husband of defendant, and that he is also a large judgment creditor of defendant; that the property mortgaged belonged to the unsettled community of acquests and gains which subsisted between defendant and Michael Dickson, deceased, whose succession remains under administration, and that defendant, as widow in community, had no alienable or mortgageable interest in the particular assets of said community, but that her interest was only residuary, dependent upon the settlement of the community, and that said settlement will show that she has no interest therein. He further substantially adopts the defense of the defendant touching the contract of lease, which he denominates a contract of antichresis, and prays for the entire rejection of plaintiff's demand.

Two principal questions are agitated in the argument, viz.:

1st. The validity of the mortgage.

2nd. The effect of the contract of lease upon plaintiff's right of action.

I.

In the view which we take of the act of mortgage sought to be enforced herein, the learned arguments of counsel on either side touching the mortgageable character of the interest of the surviving widow in particular assets of a community unsettled and under administration, are "from the purpose" and not relevant to the present case.

In that act Mrs. Dickson appears simply as an individual, without assuming to act as widow in community or in any other special capacity; acknowledges her personal indebtedness to plaintiff, and the execution of the note sued on; and then, to secure the same, "specially mortgages and hypothecates unto and in favor of said Mrs. M. L. Dickson, *all her right, title and interest in and to* the following described property, etc."

She mortgages neither the property nor any particular share, divided or undivided, in the property—only her "right, title and interest," whatever that may be. Admitting, for the sake of argument, that, as widow in community, she has no mortgageable interest in this particular asset thereof, *non constat* that she may not have some other interest in the property which might fully support the mortgage. The foreclosure of the mortgage would convey nothing to the purchaser ,except her *mortgageable* interest in the property. He would step simply into Mrs. Dickson's shoes, so far as this property is concerned, and would acquire only such mortgageable and alienable interest therein as Mrs. Dickson herself had at the date of the mortgage. If, in the subsequent assertion of his rights, it should·turn out that she had no such interest, then nothing was mortgaged and nothing would have passed under the foreclosure. We can conceive of no possible prejudice that can come to intervenor from the foreclosure of this mortgage, and of no right that he can have to oppose the same. So far as the defendant is concerned, her answer and amended answer confine her defense to special grounds, not affecting the original validity of the mortgage, which is not put at issue even by a general denial. We have, therefore, no occasion to discuss any defenses of any kind which she might have urged to the mortgage.

· We wish it distinctly understood that we neither express nor intimate any opinion whatever on the question of the right of the widow in community to mortgage its particular assets, or a particular share in such assets, claimed by her as partner in an unsettled community, or upon the right of creditors or heirs to attack *such* mortgages. These questions will be determined by us only when presented in a proper case. Nor will this decision, in any manner, affect the rights of any parties in interest to raise these questions in opposition to claims based on the foreclosure of the present mortgage.

### II.

So far as the defenses to the principal claim are concerned, they are now precluded by the failure of defendant or intervenor to appeal from the judgment of the court *à quâ* or to file any answer praying for· amendment in that respect. The only prayer for amendment is that filed by intervenor, to be allowed the costs of his intervention, which, under our rejection of his demand, cannot be granted.

The plaintiff is the only appellant before us, and in her favor only, can the judgment be altered.

It is, therefore, ordered, adjudged and decreed, that so much of the judgment appealed from as decrees the mortgage attached to and made part of plaintiff's petition to be null and void and orders.the same to be cancelled, be annulled, avoided and reversed ; that the said judgment be

SHREVEPORT, OCTOBER, 1881. 1247

and is, hereby, so amended as to declare that the said mortgage be recognized and enforced, and that the property mortgaged, being the right, title and interest of the defendant in and to the property therein described, be sold to pay the debt, interest and costs recognized by said judgment; and that, in all other respects, the judgment appealed from be affirmed, defendant and intervenor jointly to pay costs of this appeal.